## WILLIAM WHITE v. THE STATE.

Where the indictment, after charging that one Aikens G. Shultz was in lawful custody, charged that the defendant "by giving counsel and advice to the said "Aikens G. Shultz, feloniously and unlawfully did aid and assist the said Aik- "ens G. Shultz to escape," &c.; it was held that the indictment was bad.

Where an indictment for aiding and assisting a prisoner to escape, charges the aid to have been given in a particular manner, the aid must be proved as laid; and it would be error for the Court to charge the jury, in such a case, that they must convict the prisoner, if they should find that he aided the escape of the prisoner in any manner.

It seems that where a defendant is indicted for aiding and assisting the escape of a prisoner, he cannot be convicted on testimony which shows that the prisoner was in the custody of the defendant, and that he negligently or wilfully permitted him to escape.

It is improper for the Judge in charging the jury in a criminal case, to assume that any fact has been proved against the defendant, however [strong the evidence may be.

Error from Navarro.

*Attorney General*, for appellee.

LIPSCOMB, J. The appellant was indicted for "that Wil-

" liam White, late of the county aforesaid, afterwards, and
"whilst the said Aikens G. Shultz was and remained in the
" custody of said J. B. Barry, Sheriff of the county aforesaid,
" to wit: on the eighteenth day of February, in the year of
" our Lord eighteen hundred and fifty-two, in the county
" aforesaid, by giving counsel and advice to the said Aikens
" G. Shultz, feloniously and unlawfully did aid and assist
" the said Aikens G. Shultz to escape from the custody
" of J. B. Barry, Sheriff aforesaid, contrary to the form of
" the statute in such cases made and provided," &c.

The prisoner pleaded not guilty, and there was a verdict and
judgment against him, and he appealed. We have only re-
cited the charging part of the indictment, i. e.: the offence
charged, "the giving counsel and advice," and that it was
contrary to the statute. We have been unable to find the stat-
ute under which the charge made in the indictment can be
sustained, and are at a loss to conceive how such a charge
as counseling and advising, could be supposed to be contrary
to the statute in such cases made and provided. Article 546,
Hartley's Digest, prescribes the punishment for conveying a
tool, or any other thing into a place of confinement, or afford-
ing aid in any manner, with intent that any prisoner may es-
cape therefrom, but without any escape.

Article 547 provides punishment for conveying a tool or
weapon or any thing, to any prisoner convicted of any offence
punishable by death or confinement to hard labor in the Peni-
tentiary. Article 548 provides punishment for aiding in any
manner in the escape of any prisoner, committed before or
after conviction, to any place of confinement for any criminal
offence not capital. This is probably the Section of the law,
that the prosecuting attorney had in view in drafting the in-
dictment; but it would only be by the most liberal intend-
ment, that this Article could be construed to embrace coun-
seling and advice, to be aiding, within the meaning of the
law. Humanity, and the acknowledged rules of construction
of the Criminal Law, alike forbid any such latitude of con-

struction. The previous Articles, and the one we are discussing, show, that aid must be given by something more substantial than mere words of counsel or advice, and clearly point to physical aid. The indictment does not charge the prisoner, with having the custody of the prisoner who escaped; if it had, and had charged him with voluntarily permitting the escape, evidence of counseling and advising the escape, would have went far, if not conclusively, to show that he had permitted it, under Article 549, which provides the punishment for such offence. Or if, having the custody of the prisoner, he had negligently permitted him to escape, and had been indicted for that offence, under Article 551, such counsel and advice would have been evidence of a want of due diligence in guarding the prisoner.

But if the offence, as charged, had been specially expressed in the statute, we should have been compelled to reverse this judgment, on the charges given by the Court, and excepted to by the defendant's counsel. The Court charged the jury, " that if they believe from the testimony the prisoner in any " manner aided the escape of Aikens G. Shultz, they must " find him guilty." We have again and again ruled that in civil cases the *allegata* and *probata*, must correspond and agree; that the enforcement of this rule was demanded by the interest and rights of the parties; and surely the reason of this rule would be stronger where the character and the liberty of the citizen was involved. The indictment having specially designated the manner in which this supposed aid was extended, to wit: by advising and counseling, it would be preposterous to suppose that proof could be received, that an axe, or any other impliment, had been furnished the prisoner for the purpose of cutting his way out of prison.

The second charge, however, is still more remarkable and objectionable. The Court charged, " That it having been " proved by the State that the said Shultz was legally in the " custody of defendant, and that he made his escape, it de- " volved on the defendant to show that said escape was against

"his will." What right had the Judge to tell the jury that it had been proved? or what had been proved? But this is not the only objection to this charge. It shows that evidence was received that ought not, and could not, legally, have been received. There was no averment in the indictment that the escaped prisoner ever had been in the custody of the defendant; he was not indicted for either voluntarily permitting, or negligently allowing a prisoner committed to his custody, to escape. It is clear that he was indicted for one offence, and convicted of another, that is, if there was any offence known to the law, charged in the indictment. For the errors we have noticed the judgment must be reversed and the prosecution dismissed.

Reversed and dismissed.