### Jim Williams v. The State.

1. **Indictment—Variance.**—An indictment for rape, after laying time and place, charged that the accused, "with force and arms, in and upon one Z. T., a female, violently and feloniously, did make an assault, and her, the said Z. T., then and there, violently and by force, and against *he* will, did ravish and carnally know," etc.   *Held,* that the indictment is good.   The words "against he will" are surplusage, and the remaining allegations sufficiently charge the offense.

2. **Rape—Indictment.**—The word "ravish," when used in an indictment for rape, implies force, and that the sexual intercourse was against the will of the woman.

3. **Same—Charge of the Court.**—On trial of an indictment charging a rape by force alone, the court below refused to instruct the jury that they could not convict on evidence that the act of intercourse was accomplished by threats or fraud; but, on the contrary, substantially instructed them that, if accomplished by force, or by threats or fraud, they could convict. *Held,* error.   The Penal Code distinguishes between the different means by which the offense may be accomplished, and treats each of them as a separate, substantive act, independent of the other; and, therefore, it was not competent to indict for a rape by force, and convict on evidence establishing a rape accomplished by threats or fraud.

Appeal from Lamar.   Tried below before the Hon. James Q. Chenowith.

No brief for the appellant.

*A. J. Peeler,* Assistant Attorney General, for the State.

White, J.   This case presents to us the appeal of a party who was indicted for rape, tried and found guilty, and his punishment assessed at confinement in the penitentiary for a period of ten years.

The two main questions suggested by the record are, 1st, one which arises from a clerical error, no doubt committed by the pleader in drawing the indictment; and, 2d, the applicability of the charge of the court to the offense as charged in the indictment.

In order to understand more fully the precise nature of .

these questions, we set out the charging portion of the
indictment fully in these words, viz. : "That, on the first,
day of February, one thousand eight hundred and seventy-
five, in the county of Lamar, and state of Texas, with.
force and arms, one James Williams, a male, in and upon
Zilphia Taul, a female (over the age of ten years), violently
and feloniously did make an assault, and her, the said Zil--
phia Taul, then and there violently and by force, and against
*he* will, did ravish and carnally know," etc.

Rape, under our statute, is defined to be "the carnal knowl-
edge of a woman, without her consent, obtained by force,
threats, or fraud," etc.   Pasc. Dig., Art. 2184.   There can
be no doubt that the pleader, in drawing the indictment as
above set out, intended to charge that the offense was com--
mitted without the consent of *her*, the woman alleged to
have been injured ; but it will be seen that, from inadvert-
ence, a letter is omitted, which makes it read "against *he*
will" instead of " against *her* will."   Is this such an omis-
sion, such a defect or failure to state plainly the offense, as
makes the indictment fatally bad ?

There are certain rules of pleading, firmly fixed and estab--
lished, in regard to indictments, which, if observed strictly,
would avoid many of the numberless errors we are called
upon to correct.   The certainty required is such as will
enable the accused to plead the judgment rendered in bar
of any prosecution for the same offense.   Pasc. Dig., Art.
2865 ; *Alexander* v. *The State*, 29 Texas, 496 ; *The State*
v. *Hanson*, 23 Texas, 233.

Again, in an indictment it is always better to follow the:
very language of the statute, but substantial accuracy is,
sufficient.   *Francis* v. *The State*, 21 Texas, 286 ; *Jauraqui*
v. *The State*, 28 Texas, 625 ; 2 Gall. 15 ; *Drummond* v. *The:*
*Republic*, 2 Texas, 157.   And, again, the things necessary
to the description of the crime must be stated.   *Bush* v. *The*
*Republic*, 1 Texas, 460 ; *Alexander* v. *The State*, 29 Texas,

495; *Horan* v. *The State*, 24 Texas, 162; 1 Whart. Am. Cr. Law, sec. 364.

There are, however, exceptions to the observance of some of these general rules, and the case under consideration will be found to belong to the exceptional class. The words " without her consent " are made part of the definition given of rape in the statute, and it is unquestionably better that these words should always be used. But suppose they are omitted entirely in the description given, what is the effect upon the validity of the indictment?

We are, fortunately, not without authority in giving an answer to this question. The leading case is *Harman* v. *The Commonwealth*. In that case the indictment charged that the defendant " feloniously did ravish and carnally know Catherine Coiler," without charging that the offense was committed forcibly and against her will. Tighlman, C. J., delivering the opinion of the court, says: " The offense is not charged, in the indictment, to have been committed forcibly and against the will of the woman. The expressions are ' that he feloniously did ravish and carnally know her.' I am of opinion that this is sufficient. The word ' ravish ' implies force and violence in the man, and want of consent in the woman. That the indictment need not aver that the rape was committed against the will of the woman seems to be the opinion of authors of the highest authority;" and he cites 1 Hale, 632; Hawk. *b*, 2, ch. 25, sec. 56; 3 Chitty on Cr. Law, 812; and 1 East, 447. He then proceeds to say: " It may be fairly concluded, from all the authorities, that the words ' against her will ' are not essential; and certainly the word ' ravish,' as commonly understood, implies that it was against her will." *Harman* v. *The Commonwealth*, 12 Serg. & Rawle, 69.

Following in the wake of this case is the well-considered opinion in *O' Connell* v. *The State*. In this latter case Emmett, C. J., says: " And, notwithstanding the statute

prescribing the punishment uses the words, ' and carnally know by force and against her will,' these words also are omitted. The reason these words, or their equivalents, were not deemed essential was because they are all included or embraced in the word ' ravish ' or ' ravished,' which is the essential word in all indictments for rape. It imports not only force and violence upon the part of the man, but resistance on the part of the woman. When, therefore, it is charged that A B feloniously ravished C D, it is but a repetition to add that he carnally knew her, forcibly and against her will. The form of the indictment, at common law, charged that the defendant therein, ' in and upon one C D, feloniously and violently did make an assault, and her, the said C D, then and there violently, and against her will, did ravish and carnally know.' But even at common law, where the greatest particularity was required, it was long since held that an indictment omitting the assault was not defective, and that the words ' feloniously did ravish ' were sufficient, without the words, ' carnally know and forcibly against her will.' " *O' Connell* v. *The State,* 12 Minn. 279.

Our supreme court, in a recent case, indorse fully this doctrine. Moore, J., says : " The reason given is that, by the charge ' did ravish,' force and violence by the man, and want of consent of the woman, are implied." *Davis* v. *The State*, 42 Texas, 226. See, also, *Outlaw* v. *The State,* 35 Texas, 482, and 2 Whart. Am. Cr. Law, secs. 1141, 1154.

The rule being so well established, we feel warranted in saying that the portion of the charge complained of in this case, " against he will," might be safely stricken out as surplusage, and the remaining averments in the indictment would make it abundantly good.

As stated above, however, this is an exceptional case ; for the general rule seems to be " that a variance is always fatal in an indictment, when in the omission of one letter,

where the meaning is altered by changing the word mis-spelt into another of a different meaning." 1 Whart. Am. Cr. Law, sec. 309.

When we come to consider the other error assigned we find much more difficulty, from the fact that we have discovered but few precedents in point, either in our own or the decisions of other courts, and have found the question treated in none of our elementary works, as far as our research has extended. The point is made in the instruction asked on the trial by defendant, and refused by the court. The instruction is in these words: "The indictment charges that the defendant committed the offense of rape on Zilphia Taul by force, and any threats or fraud used by him will not be considered by you," etc. The court, in the 1st subdivision of the charge, gave the statutory definition of rape, as we have heretofore copied it above, from Paschal's Digest, Article 2184; and, in the 3d subdivision of his charge, the language used by the judge is: "If you believe from the evidence that the accused, Jim Williams, was an adult male, and that he did, in the manner as charged in the indictment, at any time within one year preceding the 12th day of June, 1875, the time of the presentment of the bill of indictment, commit a rape upon the person of the said Zilphia Taul, a female person, in the manner defined in the 1st section of this charge, you will find him guilty," etc.

This undoubtedly submitted to the jury whether or not the offense was committed by "threats or fraud," whilst the indictment charged that it was done solely "by force and violence."

Our opinion is that this was error. In arriving at the legislative intent, a plain construction seems to be that it was intended to make the offense complete if accomplished in either one of the three modes mentioned, viz.: 1st, if the carnal knowledge was obtained by force; 2d, if obtained by threats; and, 3d, if obtained by fraud. This conclusion or

construction is made almost certain by the use of the disjunctive conjunction "or"; and the succeeding Articles (Pasc. Dig.), 2185, 2186, and 2187, treat each one as a separate, substantive act, entirely independent of the others.

In the light of the authorities above quoted, the indictment no doubt would have been good had it simply charged that defendant did unlawfully and feloniously ravish and carnally know the said Zilphia Taul, without setting out any of the means used to accomplish or obtain his purpose, and, under such an allegation, he could have availed himself, on the trial, of proof of all or either of the three classes of rape mentioned. But it is a fundamental rule of pleading, applicable alike to civil and criminal practice, and which is invoked always with more stringency in criminal than civil cases, not only that the *allegata* and *probata* must reciprocally meet and correspond, but that, when the pleader sets out a special cause or ground of action, he will be held to that alone, and cannot recover or convict upon other cause or causes not alleged. *White* v. *The State*, 13 Texas, 133; *Pinson* v. *The State*, 23 Texas, 579; *Coney* v. *The State*, 43 Texas, 414.

The court should have given the instruction asked by defendant, in view of the facts in the case. *Clark* v. *The State*, 30 Texas, 448. For that error alone the case should be reversed. In addition to this error, looking to the statement of facts as sent up in the record, this court is in doubt if there was that certainty and sufficiency in the evidence requisite to warrant the verdict of the jury.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*