## A. JERNIGAN *v.* THE STATE.

1. EVIDENCE — CORROBORATION OF AN ACCOMPLICE. — Proof of the guilty possession or connection of the accused with the fruits of a theft may be evidence strongly corroborative of the inculpatory testimony of an accomplice.

2. SAME.— The acceptance by the accused from a confessed accomplice of a sum of money, imputedly the proceeds of the sale of the stolen property, being a fact relied upon to corroborate the accomplice, it must appear, first, that the money received was in fact proceeds of the sale of the stolen property, and, second, that the accused was not only informed of that fact, but also that the property was stolen; otherwise the possession of the money is not a corroborative circumstance.

3. SAME.— Accomplices in crime cannot corroborate each other, nor can an accomplice testify to one fact and corroborate this by testifying to another.

4. SAME.— To be corroborative, the fact must not only be criminative, but must be shown by the oath of a witness other than the accomplice. If it is so testified to, and tends to connect the accused with

the offense, it is corroborative, whether testified to by the accomplice or not.

5. CIRCUMSTANTIAL EVIDENCE.— Facts or circumstances relied upon to establish the principal fact at issue, or such as are necessary to the conclusion sought, must be proved, otherwise no sufficient foundation is laid for the process of inference or presumption which is to follow. Proof is indispensable at this stage of the trial, and its place cannot be supplied by presumption. See this case *in extenso* for an application of these rules.

6. CHARGE OF THE COURT instructed the jury, * * * "Recent possession or participation in the fruits of the crime are circumstances which the jury may consider, in connection with the whole evidence, in determining the guilty agency in its commission." *Held*, correct as an abstract proposition of law, but, in view of the evidence in this case, error, as assuming as proved a material fact at issue.

APPEAL from the District Court of Brown. Tried below before the Hon. T. L. HUTCHISON.

The indictment charged the appellant with the theft, in Brown county, on the 24th day of May, 1881, of seven head of cattle, the property of Holland Mays. He was found guilty as charged, and his punishment fixed by the jury at five years' confinement in the penitentiary.

After proof by the owner that the cattle named in the indictment were taken without his consent, the State introduced the witness Bruce, who testified in substance that he turned State's evidence of his own volition. Himself and the appellant drove the cattle described, upon the suggestion of the latter, and upon the same suggestion the witness sold them under the assumed name of R. M. Hudson, for $109, which he divided with appellant.

The sale of the cattle by Bruce and payment in part with a $100 bill was proved by L. L. and C. F. Shields, the former of whom purchased them, the latter paying the consideration and drafting the bill of sale.

Rute testified that he changed a $100 bill for the appellant, in the town of Brownwood. Bruce was with the appellant at the time.

I. B. Sadler testified, for the State, that the appellant requested him to defend Bruce before the examining court, and told him that the case was a bad one. This was before the appellant was arrested.

Burns, for the defense, testified that he was present and heard a conversation between Goodwin and appellant in the presence of Bruce. The latter said he would not have testified against the appellant but for his fear of being hung.

L. L. Shields, for the defense, testified that he promised Bruce not to prosecute him further than he might be compelled to, if he would turn State's evidence. The witness did not know the appellant as a partner of Bruce in the trade for the cattle, when he bought them from the latter.

Bud Ratliff testified that he guarded Bruce for six or seven days after his arrest, and told him that he, witness, thought he would come clear if he would turn State's evidence, and promised to help him if he could, and to sign a petition for his pardon if convicted.

The witness Bruce had denied on his examination the facts testified to by the defendant's witnesses Burns, Shields and Ratliff.

The opinion indicates the evidence omitted in this statement.

*G. I. Goodwin,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

Hurt, J. The appellant was convicted of the theft of cattle, upon the testimony of one Bruce, an acknowledged accomplice.

It will be found from the statement of facts that the State is compelled, to sustain the conviction, to rely upon but one fact which tends to corroborate the accomplice. Bruce, the accomplice, swears that he sold the cattle, and

in part pay received a $100 bill, and that defendant got this $100 bill changed at Wood & McCord's store in Brownwood, and divided the money in Skelton's office. Shields, who paid for the cattle, corroborates the accomplice as to the $100,— that is, he let him have a $100 bill.

The witness Rute swore that the defendant, in company with the accomplice, applied to him about the first of June, or the last of May, in the town of Brownwood, to change a hundred-dollar bill, and that Mr. Connor changed it and gave the change to defendant.

This one hundred-dollar bill, being the proceeds of the sale of the cattle, can be and is familiarly termed the fruits of the crime, and occupies the same relation as a means of proof in a great many cases as the possession of recently stolen property does to theft. In this case the bill constitutes the fruits of the theft. It follows, therefore, that if the defendant is shown to have had guilty possession of or connection with this bill, that fact would be a strong corroboration of the accomplice. Two things are necessary, however, to make the transaction criminative; 1st, this must be the bill for which the cattle were sold; 2d, the defendant must not only have been informed of that fact but that the cattle were stolen, thus constituting the bill a fruit of the theft. The proof of neither of these facts can be made by the evidence of the accomplice, for, in law, accomplices are so infamous that they can neither corroborate one another nor swear to a fact and then corroborate this by swearing to another. To be corroborative, the fact must not only be criminative, but its existence must be shown by the oath of some other witness. If it tends to connect the defendant with the offense, and is sworn to by some other witness, it is corroborative, whether testified to by the accomplice or not.

But, to return: What witness has sworn that the bill is the same? To be inculpatory it must be the same. Can we presume it to be the same? Would not this be basing

a presumption on a presumption? The reasons assigned in favor of this presumption are that the transaction was about the time of the sale of the cattle, and that the bill from its denomination was noted and unusual, especially in the possession of the defendant. But, concede it to have been the same, did the defendant know the fact? Admit that he did, had he any knowledge that it was the proceeds of the stolen cattle? We are called upon again to presume, thus basing a presumption upon a presumption in the third or fourth degree.

Mr. Burrill, in his most excellent work on Circumstantial Evidence, page 135, in speaking of the facts of the case, says: "We are thus brought to the most important consideration connected with this stage of the inquiry, namely, the *proof* of the facts as circumstances which are to be used as a means of arriving at the principal fact sought. It is an invariable rule that these facts, or such of them as are necessary to the conclusion in question, must be actually *proved*, otherwise no sufficient foundation can be laid for the process of inference or presumption which is to follow." Again, on page 136: "Proof, then, in the strictest sense of the word, is at this stage of the trial indispensable; and its place cannot be supplied by presumption." Let the principal fact be what it may, when sought to be established by other facts or circumstances the rule as stated by Mr. Burrill applies, and the facts relied upon must be proven in the strictest sense of the word. We do not wish to be understood as holding that a presumption cannot be based upon a presumption, but simply that in this case the proposed presumption is entirely too remote. Changing of the bill, within itself, cannot be tortured into a circumstance against the defendant; hence to be such a guilty knowledge must be shown. Can this be inferred from the act of changing the bill? To thus conclude would be reasoning in a circle.

The bill may have been innocently received by the de-

fendant, directly from the hands of the thief (in this case we have an avowed thief), immediately after the sale of the cattle, in consequence of misrepresentation or fraud; "as where he has been requested by the thief to take charge of the article for him a short time," or "to do something with it, for or without compensation." Burrill, p. 564. We are of the opinion that there has not been such corroboration of the accomplice in this case as was required by law to sustain the verdict.

But again, the issue and the vital issue on the trial was whether the defendant was criminally connected with the one hundred-dollar bill. This being the case, let us examine a certain portion of the charge of the court, which is as follows: "Recent possession or participation in the fruits of the crime are circumstances which the jury may consider in connection with the whole evidence, in determining the guilty agency in the commission." Every word of the above is strictly true, and the fact that the evidence tending to show the recent possession and participation was admitted is very high proof of the truth of the proposition. But this charge assumes as a fact the very thing denied, and over which the parties waged their greatest struggle. Was there in this case recent possession or a guilty participation by defendant in the fruits of the crime? — this was the issue. The court assumed for the State the affirmative, and proceeded to apply the law to the facts thus assumed. This, we think, was error. If the charge had been conditional on this point it would not have been so objectionable. See these authorities on the subject: 13 Texas, 133; 1 Texas Ct. App. 466; 3 Texas Ct. App. 294; 8 Texas Ct. App. 115; Id. 173.

The strength of the corrobating evidence will be found discussed in those cases.

For the reasons indicated in this opinion, the judgment is reversed and the cause remanded.

*Reversed and remanded.*