[No. 1452.]

ROBERT HARDIN *v.* THE STATE.

1. CHARGE OF THE COURT.—See the opinion *in extenso* for a charge of the court *held* error, because assuming the existence of a state of facts unauthorized by the evidence.
2. EVIDENCE—NEW TRIAL.—In the absence of evidence to support a verdict of conviction a new trial should be awarded.

APPEAL from the District Court of Hopkins. Tried below before the Hon. G. J. Clark.

The conviction in this case was upon an indictment charging the appellant with the theft of A. B. Chappell's horse, in Hopkins county, on the tenth day of December, 1881. A term of

seven years in the penitentiary was the penalty imposed by the verdict.

The testimony for the prosecution established the taking of the animal by some one, without the consent of the owner, A. B. Chappell, who resided in Van Zandt county, or of the person in possession, M. A. Barnes, who resided in Van Zandt county, and the subsequent sale of the animal in the town of Sulphur Springs, Hopkins county, by the appellant.

In bar to this prosecution, the defendant filed a special plea, setting up that heretofore, and pending the trial of one George Simpson, who was also charged with the same offense, he, the defendant, agreed with the acting county attorney to turn State's evidence, and upon the trial of the said Simpson to testify truly and fully in behalf of the State, and against Simpson, upon condition that the prosecution as to himself would be dismissed; that in pursuance of this agreement he did testify against the said Simpson on his trial before the examining court, and that the said Simpson, upon the testimony of him, the defendant, and other corroborating evidence, was held to bail by the said examining court. That he, the said defendant, thereafter went before the grand jury and testified against the said Simpson in the matter of theft of the animal described in the indictment, and that in his said testimony against the said Simpson he testified truly and fully, and told all he knew about the said case.

This agreement was proved by the acting county attorney, the attorney for the defendant, and by the justice of the peace who presided over the examining court at the trial of Simpson. It was proved by the justice of the peace that the defendant testified on behalf of the State at the examining trial, and that upon his testimony and corroborating evidence the said Simpson was held to bail; and it was proved by the county attorney that the defendant thereafter went before the grand jury and testified against the said Simpson to the effect that Simpson advised him to steal a yellow horse from old man Barnes, in Van Zandt county.

The clerk of the district court testified that no indictment had ever been returned against Simpson for the theft of the animal in question.

The motion for new trial raised the question involved in the rulings of this court.

M

*Hunter, Putman & Crawford,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J.   The appellant was convicted for the second time of the theft of a horse, the property of A. B. Chappell.   Upon the first trial he interposed a special plea in bar to the prosetion.   The district attorney demurred to this plea, and the court sustained the demurrer.   Judgment of conviction being rendered against him, the appellant appealed to this court, then in session at Austin.   The judgment of the court was reversed upon the ground that the special plea presented a good defense to the prosecution, and that the court erred in sustaining the demurrer. The special plea is copied in full in the opinion of the court in that case.   (See *Hardin* v. *The State,* 12 Texas Ct. App., 186.)

Upon this trial the defendant interposed the same plea, and the court below, in regard to that plea, among other things, charged as follows:   "If the jury is satisfied from the evidence that the defendant was arrested upon a warrant issued by J. W. Crabtree, a justice of the peace of Hopkins county, and that G. W. Simpson was then at large and no complaint had been made against him for the theft of said horse, and that an agreement was entered into with the said defendant, before any complaint had been made against said G. W. Simpson, that if the defendant would testify fully and truly to all the facts within his knowledge in regard to the theft of said horse by himself and the said G. W. Simpson, by the express authority of the said justice of the peace, whether in or out of court, and the said defendant voluntarily appeared before said justice of the peace in pursuance to such agreement and testified in regard to the guilt of said Simpson of the theft of said horse, then, and in that event, it is a question of fact, for the jury to determine from the evidence, whether the defendant acted in good faith in making the accusation against Simpson, or whether he resorted to this means for the purpose of screening himself from punishment by wrongfully and falsely accusing Simpson; and if so, his action would be no bar to this prosecution.   But if the defendant acted in good faith and testified truly to all the facts within his knowledge in regard to his own and Simpson's guilt, under a promise made to him by the officer that he should not be further prosecuted for said crime, then, and in that event, the defendant would be entitled to an acquittal, and this would be

the case whether Simpson was indicted by the grand jury or not. The punishment for the theft of a horse is by confinement in the penitentiary for not less than five nor more than fifteen years. The defendant is presumed to be innocent until his guilt is established by legal evidence, and in case of a reasonable doubt as to his guilt, he is entitled to an acquittal."

The defendant moved for a new trial upon the ground of the error contained in the above charge. We are of the opinion that the charge was clearly erroneous. It assumed that there was evidence tending to show that the defendant did not act in good faith, and that he accused Simpson falsely, and resorted to that means for the purpose of screening himself from punishment.

There is not the slightest circumstance in the whole statement of facts, tending in the remotest degree to present the issue submitted by the above charge, but, on the contrary, the evidence without conflict clearly establishes the good faith of the defendant in regard to this contract. It is error for the court to assume the existence of a fact or state of facts in their character criminative, and charge thereon. (*White* v. *The State*, 13 Texas, 133; *Schultz* v. *The State*, 5 Texas Ct. App., 390.)

The defendant moved for a new trial upon the ground that the evidence did not support the verdict, but on the contrary established his plea. This ground we think well taken, for, after the closest scrutiny of the statement of facts, we fail to find any evidence against, but all in favor of, the truth of the plea.

We are of the opinion that the court erred in the charge complained of; and, also, in overruling defendant's motion for a new trial. We are also of the opinion that the plea was properly submitted, together with the plea of not guilty, under instructions governing in pleas of former conviction or acquittal. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 15, 1882.