**Robert BANKS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57920.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 19, 1979.

Charlie C. Williams, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Robert A. Moen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction for aggravated rape in which the trial court assessed punishment at fifty years confinement in the Texas Department of Corrections, notwithstanding consideration of appellant's sworn motion for probation.

At the outset, we are confronted with fundamental error in the jury charge that requires reversal in the interest of justice. Article 40.09(13), V.A.C.C.P.

Omitting the formal parts, the indictment charged that the appellant did:

". . . *intentionally and knowingly* by force and by threatening the imminent infliction of serious bodily injury and death to C_____ L_____ B_____, a female not his wife and hereafter styled the Complainant, have sexual intercourse with the Complainant and without the consent of the Complainant." [1]

In applying the law to the facts in the jury instructions, however, the court charged:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 28th day of January, 1977, in Harris County, Texas, the defendant, ROBERT BANKS, JR., did then and there *unlawfully* and without the consent of C_____ L_____ B_____, a female, have sexual intercourse with the said C_____ L_____ B_____, and that the said C_____ L_____ B_____, was not then and there the wife of the said defendant, and that the defendant used force on C_____ L_____ B_____ on the occasion in question and that it was such force as to overcome such earnest resistance as might reasonably be expected under the circumstances at the time, and that the defendant used threats to C_____ L_____ B_____, and that they were such threats as would prevent resistance by a woman of ordinary resolution, and that the defendant, compelled submission to the rape by threat of death or serious bodily injury to be imminently inflicted on her, then you will find the defendant guilty as charged in the indictment."

■■■ Appellant was charged with aggravated rape under § 21.03(a)(2), V.T.C.A. Penal Code which provides:

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code . . . and he:

---

1. All emphasis is supplied throughout by the writer unless indicated otherwise.

(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

Though the statutory language of § 21.03, supra, does not prescribe a culpable mental state, it is clear that a culpable mental state *is* required given the thrust of V.T.C.A., Penal Code § 6.02(b) and (c) which provides:

(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required *unless the definition plainly dispenses with any mental element.*

(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility.

It therefore follows that a culpable mental state is an essential element of the offense of aggravated rape under the ambit of Subsection (b) of § 6.02, supra, and further that the culpable mental state prescribed is one of knowledge and intent under the ambit of Subsection (c) of § 6.02, supra.[2] As an essential element of the offense charged, this culpable mental state must, therefore, be alleged in the indictment. V.T.C.A., Penal Code § 1.07(a)(13).

The indictment here properly alleged the culpable mental state as an essential element of the offense, however, the court's charge to the jury omitted this same essential element.[3] This failure to include in the jury charge all of the essential elements of the offense as alleged in the indictment constitutes fundamental error. *Thompson v. State,* 574 S.W.2d 103 (Tex.Cr. App.1978); *West v. State,* 572 S.W.2d 712 (Tex.Cr.App.1978); *Long v. State,* 548 S.W.2d 897 (Tex.Cr.App.1977).

For the error in this respect, the judgment of conviction is reversed, and the cause is remanded.

**2.** See Morrison and Blackwell 7 Tex.Crim. Forms, § 6.09 at 44 (8th ed.); see also, *Childs v. State,* 547 S.W.2d 613 (Tex.Cr.App.1977).

**3.** See *Morrison and Blackwell,* supra, § 95.02, at 296.