Stanley Tyrone NORTH, Appellant,

v.

The STATE of Texas, Appellee.

No. 58515.

Court of Criminal Appeals of Texas,
Panel No. 2.

March 19, 1980.

Walter J. Pink, Houston, for appellant.

Carol S. Vance, Dist. Atty., Douglas O'Brien, Susan W. Crump and Jim Moseley, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction for the offense of aggravated rape wherein the jury assessed punishment at confinement in the Texas Department of Corrections.

At the outset, we are confronted with fundamental error in the jury charge that requires reversal in the interest of justice. See Article 40.09(13), V.A.C.C.P.

Omitting the formal parts, the indictment charged that appellant did:

". . . *intentionally and knowingly* by force and by threatening the imminent infliction of serious bodily injury and death to M— H—, a female not his wife and hereafter styled the Complainant, have sexual intercourse with the Complainant and without the effective consent of the Complainant."[1]

In applying the law to the facts in the jury instructions, however, the court charged:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 14th day of March, 1974 in Harris County, Texas, the Defendant STANLEY TYRONE NORTH, did then and there *unlawfully* and without the consent of M— H—, a female, have sexual intercourse with the said M— H—, and that the said M— H— was not then and there the wife of the said Defendant, and that the Defendant used force on M— H— on the occasion in question and that it was such force as to overcome such earnest resistance as might reasonably be expected under the circumstances at the time, and that the Defendant used threats to M— H— and that they were such threats as would prevent resistance by a woman of ordinary resolution, and that the Defendant, in the course of the same criminal episode, compelled submission to the rape by threat of death or serious bodily injury to be imminently inflicted on her, then you will find the Defendant guilty as charged in the indictment."

Appellant was charged with aggravated rape under V.T.C.A. Penal Code, § 21.-03(a)(2), which provides:

(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code . . . and he:

(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone.

Though the statutory language of § 21.03, supra, does not prescribe a culpable mental state, it is clear that a culpable mental state *is* required. V.T.C.A. Penal Code, § 6.02(b) and (c) provides:

(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required *unless the definition plainly dispenses with any mental element.*

(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility.

The statement of the offense in § 21.03, its definition, does not plainly dispense with any mental element. It therefore follows that a culpable mental state is an essential element of the offense of aggravated rape,

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

required by Subsection (b) of § 6.02, supra, *Zachery v. State,* 552 S.W.2d 136 (Tex.Cr. App.1977), and, further, that the culpable mental state applicable is intent knowledge, or recklessness under the ambit of Subsection (c) of § 6.02, supra, *Braxton v. State,* 528 S.W.2d 844 (Tex.Cr.App.1975).[2]

██ The indictment here properly alleged conjunctively culpable mental states as an essential element of the offense; however, the charge to the jury omitted an essential element.[3] Failure to include in the jury charge all essential elements of the offense as alleged in the indictment constitutes fundamental error. *Banks v. State,* 586 S.W.2d 518 (Tex.Cr.App.1979); *Thompson v. State,* 574 S.W.2d 103 (Tex.Cr.App. 1978); *West v. State,* 572 S.W.2d 712 (Tex. Cr.App.1978).

For the error pointed out above, the judgment is reversed and the cause remanded.

DOUGLAS, J., dissents.

---

**2.** See Morrison and Blackwell, 7 Texas Practice, § 6.09 at 44 (8th ed.); see also *Childs v. State,* 547 S.W.2d 613 (Tex.Cr.App.1977).

**3.** See Morrison and Blackwell, supra, § 95.02 at 296.