**Samuel C. HAWKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61712.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Feb. 24, 1982.

Russell Busby, Amarillo, for appellant.

Roland Saul, Dist. Atty., Hereford, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated rape. Trial was held in Harris County following a change of venue from Deaf Smith County. After the jury found appellant guilty, the court assessed punishment, enhanced by two prior felony convictions, at life.

The complainant testified that on September 2, 1976, she woke up at approximately 8:00 a.m. and found an intruder in her bedroom. The individual was nude and wearing a mask. The complainant related that her assailant was armed with a knife and threatened to kill her. He then forced her to have sexual intercourse. Before raping the complainant a second time, the assailant took the mask off his face. The complainant identified appellant as the individual who forced her to have sexual intercourse.

■ In his first and second grounds of error, appellant maintains the prosecutor engaged in improper jury argument at the conclusion of the guilt or innocence phase of the trial. The record fails to reflect that appellant voiced an objection to either of the instances of which he now complains. In the absence of an objection, nothing is presented for review. *Sanchez v. State,* Tex.Cr.App., 589 S.W.2d 422.

In his third ground of error, appellant maintains the court erred in accepting his plea of "true" to the enhancement allegations in the indictment. He contends that the record reflects that appellant "never unqualifiably entered a plea of true."

The record reflects that after the prosecutor presented the enhancement allegations, the court asked appellant for his plea to such allegations and appellant responded in the following manner:

"THE COURT: To which previous convictions the defendant pleads, true or not true?

"MR. HAWKINS: Are you asking me on the prior convictions?

"THE COURT: Yes. True or not true.

"Do you want to confer with your lawyers?

"MR. HAWKINS: Judge, to the best of my ability, those convictions, I think, are true.

"...

"MR. HAWKINS: I would think they are true.

"...

"THE COURT: I believe he has pleaded true to two previous convictions alleged.

"Is that true, you are pleading you were in fact convicted once in Colorado and once in Oklahoma, Mr. Hawkins, as alleged in the indictment?

"MR. HAWKINS: I think so. Yes, sir."

■ We find that the record fails to support appellant's contention that he entered a "qualified" plea of "true" to the enhancement allegations. See *Sylvester v. State*, Tex.Cr.App., 615 S.W.2d 734. Appellant's third ground of error is without merit.

■ In his fourth ground of error, appellant maintains the court erred in sua sponte excusing a prospective juror. A trial court should not on its own motion excuse a prospective juror for cause unless he is absolutely disqualified from serving on the jury. *Valore v. State*, Tex.Cr.App., 545 S.W.2d 477. In the instant cause, appellant did not voice an objection at the time the prospective juror was excused. Nothing is presented for review. *Bodde v. State*, Tex. Cr.App., 568 S.W.2d 344.

■ In his fifth ground of error, appellant contends the court erred in allowing the Honorable Roland Saul to represent the State during the proceedings conducted on June 30, 1978. Appellant's contention is based upon the following statement made by Saul during the voir dire examination:

"Ladies and gentlemen, as Mr. Bodiford and the Judge told you, my name is Roland Saul. I am the District Attorney Elect of Deaf Smith County, Texas and it's gotten us in a little bit of a precarious position. The District Attorney has resigned as of 12:01 A.M., July 1, which means at midnight or a little after tonight I will be the District Attorney. But I am stepping in a little early to pick the jury on this case."

Appellant has not directed our attention to any objection he voiced to Saul's authority to represent the State during the proceedings conducted on June 30. Further, appellant's ground of error represents an impermissible collateral attack upon Saul's authority. If appellant desires to challenge such authority, he must bring a direct action through a quo warranto proceeding. See *Archer v. State*, Tex.Cr.App., 607 S.W.2d 539. Appellant's fifth ground of error is without merit.

In his sixth ground of error, appellant contends the court erred in failing to grant his motion to quash the indictment. The indictment in the instant cause alleges in pertinent part that on September 2, 1976, appellant did:

"then and there knowingly and intentionally by force and threats have sexual intercourse with H____ J. W____, a female not his wife, and inflicted serious bodily harm upon the said H____ J. W____ during the commission of the rape;"

■ Appellant urges that the court erred in failing to grant his motion to quash because the indictment alleges "serious bodily harm" rather than serious bodily injury as contained in V.T.C.A., Penal Code, Sec. 21.03(a)(1). The record in the instant cause reflects that the motion to quash did not contain such a complaint regarding substitution of the word harm for the word injury. Therefore, the motion at trial does not comport with the ground of error raised on appeal and presents nothing for review. *Rovinsky v. State*, Tex.Cr.App., 605 S.W.2d 578. This Court has held that the exact words of a statute need not be alleged in an indictment when there is no material difference between those words and the allegation actually used. *Nixon v. State*, Tex.Cr. App., 572 S.W.2d 699. Appellant's sixth ground of error is overruled.

■ In his seventh ground of error, appellant further contends the court erred in failing to grant his motion to quash the indictment. He maintains the indictment is fundamentally defective for failing to allege a culpable mental state. A culpable mental state is an essential element of the offense of aggravated rape. *Ex Parte Perez*, Tex.Cr.App., 612 S.W.2d 612. As quoted above, appellant's indictment alleges that he "knowingly and intentionally" committed the offense. We find that appellant's indictment properly alleges a culpable mental state. See *Banks v. State*, Tex.Cr.App., 586 S.W.2d 518. Appellant's seventh ground of error is without merit.

■ In his eighth ground of error, appellant contends the court erred in failing

to enter written findings with regard to the admissibility of the complainant's identification testimony. The record reflects that the court held a hearing out of the presence of the jury with regard to the admissibility of such evidence. At the conclusion of that hearing, appellant stated "I want her to testify before the jury." We find that in view of such request, appellant is in no position to complain with regard to the court's failure to enter written findings of fact and conclusions of law with regard to the admissibility of the complainant's in-court identification testimony. See *Lopez v. State*, Tex.Cr.App., 468 S.W.2d 365; *Spencer v. State*, Tex.Civ.App., 466 S.W.2d 749. Appellant's eighth ground of error is without merit.

In his ninth ground of error, appellant contends the court erred in admitting his written statement into evidence. The statement contains an admission to the instant offense. Appellant maintains the statement was inadmissible because it was given after officers had ignored his request for counsel and promised him "mental help" if he would sign the statement.

Appellant filed a motion to suppress the statement and the court held a hearing thereon in compliance with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and Art. 38.22, V.A.C.C.P. At the conclusion of that hearing, the court entered findings of fact and conclusions of law and ruled that the statement had been freely and voluntarily given after appellant had been warned of his rights.

Officer James LeFavers, of the Amarillo Police Department, testified that he interrogated appellant on June 30, 1977. Appellant was interrogated at the Potter County Sheriff's Office. LeFavers testified that he gave appellant his warnings and appellant indicated that he understood his rights. Appellant signed the statement concerning the instant offense at 4:00 a.m. on July 1, 1977. At no point during the interrogation did appellant ask for an attorney or indicate that he wanted the questioning to stop. Further, LeFavers testified that he did not promise appellant anything in return for signing the statement.

Appellant testified that he only signed the statement after LeFavers promised to get him "mental help." Further, appellant testified that he asked for an attorney just before he signed the statement.

The determination of whether a confession is voluntary must be based upon examination of the totality of the circumstances surrounding its acquisition. *Berry v. State*, Tex.Civ.App., 582 S.W.2d 463. Since the trial judge is the trier of the fact at a hearing on the voluntariness of a confession, he is the exclusive judge of credibility of witnesses as well as the weight to be afforded their testimony. *Burks v. State*, Tex.Civ.App., 583 S.W.2d 389. Appellate challenges to the trial court's determination of fact or application of law should be directed to whether the trial court abused its discretion. *Sinegal v. State*, Tex.Civ.App., 582 S.W.2d 135.

▇▇ In the instant cause, the evidence raises question of fact concerning an alleged promise by LeFavers to seek "mental help" for appellant and LeFavers' alleged act in ignoring appellant's request for counsel. We find that under the totality of the circumstances, the evidence supports the trial court's finding that appellant's statement was freely and voluntarily given after he had been given his warnings. See *McKittrick v. State*, Tex.Cr.App., 541 S.W.2d 177. No error is shown in the court admitting appellant's statement into evidence. Appellant's ninth ground of error is overruled.

In his tenth ground of error, appellant contends the "court erred in forcing the appellant to have to represent himself on the trial of this cause." The record reveals that appellant was represented by appointed counsel. Counsel argued various pretrial motions and voiced objections during the trial. Appellant likewise participated in the trial by interrogating witnesses and presenting jury argument.

▇▇ This Court has held that there is no constitutional right to hybrid representation of partially pro se and partially by counsel.

*Landers v. State*, Tex.Cr.App., 550 S.W.2d 272. Further, when a defendant is represented by counsel, he does not have the right to propound his own questions to witnesses and make jury argument in his own behalf. *Webb v. State*, Tex.Cr.App., 533 S.W.2d 780.

In *Phillips v. State*, Tex.Cr.App., 604 S.W.2d 904, the court permitted the defendant to engage in a form of hybrid representation. On appeal, the defendant urged that the court should have admonished him as to the advantages and disadvantages of such form of representation. This contention was found to be without merit because although the defendant partially represented himself, he was also fully represented by counsel and therefore no question of waiver of counsel was involved.

▮ In the instant cause, appellant's contention that he "represented himself" is not supported by the record. Counsel was present throughout the trial of this cause and participated as noted above. Appellant's tenth ground of error is without merit.

▮ Appellant has filed three pro se briefs in which he presents numerous contentions concerning his conviction. Initially, he maintains the court erred in failing to grant his motion to quash the indictment because the indictment fails to set forth the offense in "plain and intelligible words" and fails to allege "how the serious bodily injury occurred." The pertinent portions of appellant's indictment are quoted above in ground of error number six. The contentions which appellant now presents have previously been rejected by this Court. See *Johnson v. State*, Tex.Cr.App., 623 S.W.2d 654; *Watson v. State*, Tex.Cr.App., 548 S.W.2d 676; *Childs v. State*, Tex.Cr.App., 547 S.W.2d 613; *Brem v. State*, Tex.Cr. App., 571 S.W.2d 314. No error is shown in the court overruling the motion to quash.

Appellant further contends the court erred in failing to submit the issue of the voluntariness of his confession to the jury under Art. 38.23, V.A.C.C.P. This contention is not supported by the record in that such a charge was in fact given.

▮ Appellant further contends the court erred in admitting his confession into evidence. He maintains that the officer's failure to take him before a magistrate prior to the time that he signed the confession, rendered the confession "void." This contention is without merit because the fact that a defendant is not taken before a magistrate until after he gives an incriminating statement does not act so as to vitiate a confession that is otherwise properly obtained. See *Myre v. State*, Tex.Cr.App., 545 S.W.2d 820; *Brown v. State*, Tex.Cr. App., 576 S.W.2d 36.

▮ Appellant further maintains that his confession was inadmissible because it was the product of an unlawful warrantless arrest. The record reflects that appellant was arrested at his home on June 30, 1977. Officers had gone to his home in order to interrogate him concerning an attempted burglary earlier in the day. A man fitting appellant's description and driving an automobile owned by appellant was observed at the scene of the attempted burglary. After speaking with officers, appellant agreed to accompany them to the police station in order to further discuss the matter. While preparing to go to the police station, appellant attempted to escape from the officers by running away. We find that the officers had probable cause for appellant's arrest in relation to the attempted burglary and that his act of attempted escape dispensed with the need for a warrant. See *Jones v. State*, Tex.Cr.App., 565 S.W.2d 934; Art. 14.04, V.A.C.C.P. Appellant's contention that his arrest was unlawful and in some way tainted the subsequent confession is not supported by the record.

▮ Appellant further maintains he was denied the effective assistance of counsel at certain pretrial hearings held in Deaf Smith County which occurred prior to the change of venue to Harris County. The record does not contain a transcription of the court reporter's notes from those hearings. Therefore, this Court cannot review the alleged error. See *Beck v. State*, Tex.Cr. App., 573 S.W.2d 786.

Finally, appellant maintains the court erred in failing to stop the trial in order to conduct a competency hearing. Appellant directs our attention to the testimony of Richard Wall, a clinical psychologist from Lubbock. Wall was called as a witness by appellant. He testified that in his opinion appellant suffers from some type of "mental defect" which could render him "legally insane" at certain times. Wall stated that appellant "could very well have been" insane at the time of the instant offense. Finally, the witness was not questioned relative to appellant's competency to stand trial.

Appellant further presented evidence from Dr. Hugh Pennal, a psychiatrist from Amarillo. Pennal testified that he had previously examined appellant in Lubbock. He stated that based upon such examination, he was of the opinion that appellant was competent to stand trial.

■ We find the evidence insufficient to create a bona fide doubt as to appellant's mental competency to stand trial. Under such circumstances, there was no error in the court not conducting a hearing on the issue of appellant's competency within the terms of Art. 46.02, Sec. 2(b), V.A.C.C.P. See *Paul v. State*, Tex.Cr.App., 544 S.W.2d 668; *Ballard v. State*, Tex.Cr.App., 514 S.W.2d 267. Appellant's contention is without merit.

The judgment erroneously recites a conviction for rape. It is reformed to reflect a conviction for aggravated rape. Art. 44.24, V.A.C.C.P. As reformed, the judgment is affirmed.

CLINTON, Judge, concurring.

In *Sisco v. State*, 599 S.W.2d 607 (Tex.Cr. App.1980) this Court found under Article 46.02, § 2(a), V.A.C.C.P., that "in determining after hearing held in advance of trial on the merits whether 'there is evidence to support a finding of incompetency to stand trial,' the trial court is to assay just that evidence tending to show incompetency, putting aside all competing indications of competency, to find whether there is some evidence, more than none or a scintilla, that

rationally may lead to a conclusion of incompetency." We expressly rejected a contention that "the 'bona fide doubt' standard applies to the pretrial procedure." *Id.*, at 613 and see n. 16.

Though we noted, "In the context of making the determination midtrial . . . the Court En Banc sharply divided over the quantum of evidence in *Johnson v. State*, 564 S.W.2d 707 (Tex.Cr.App.1978)," and in subsequent decisions that the Court had concluded that "the bona fide doubt in the mind of the trial judge [is] the standard of proof to be met before a separate midtrial determination of . . . competency will be required," the *Sisco* panel opinion was careful to "leave to the full court" whether Article 46.02, § 2(b), "founded in identical statutory language, should receive the same construction," *ibid.*

Today the opinion on original submission finds the evidence is "insufficient to create a bona fide doubt" as to competency of appellant to stand trial, and refers to two pre-*Johnson* decisions to that effect. In my judgment, the same statutory language should receive the same construction—whether the matter of competency is raised pretrial or midtrial. Still, the Court En Banc has yet to so hold.

Accordingly, I concur in the judgment of the Court in this cause.