## CHARLEY CLARK, FREEDMAN, v. THE STATE.

Where, on a trial for rape, the defendant asked the court to instruct the jury
that if the prisoner procured the consent of the party ravished by promises,
the jury could not find him guilty.

The evidence being fluctuating, the instruction ought to have been given,
although the court had charged in the language of the statute. (Paschal's
Dig., Art. 2184.)

Where witnesses stated positively that the girl ravished was over fourteen
years old, and others were of the opinion that she was only ten, a new trial
ought to have been granted. (Paschal's Dig., Art. 2189.).

APPEAL from Bastrop. The case was tried before Hon.
JOHN IRELAND, one of the district judges.

Charles Clark, *alias* Steiner, a freedman, was indicted for
a rape, for that, &c., he did then and there, feloniously and
violently, make an assault on and upon one Ann Washing-
ton, a freed girl, and her, the said Ann Washington, vio-
lently and against her will, and therefore feloniously, did
ravish and carnally know.

One witness swore to the evidences of violence, and that
the girl violated was a child. Another swore to her state-
ments of violence immediately after the act, and in her own
examination the outraged girl swore to the force; that she
tried to halloo, but the prisoner put his hand over her mouth.
But on cross-examination she swore that she consented on
a promise of some candy. Three witnesses swore to the fact
that she was over fourteen years of age. It was also proved
that she stated to a witness that she consented, and by an
expert that she was over fourteen years of age. The court
instructed the jury, that if she consented, and was over
fourteen years of age, they would find the defendant not
guilty; if not, find him guilty. The jury found the defend-
ant guilty, and he was sentenced to twenty years' imprison-
ment in the penitentiary. The defendant moved for an
arrest of judgment and for a new trial, which motions
were overruled, and he appealed. There was a bill of ex-
ceptions, which seems not to have been noticed.

*A. D. McGinnis*, for the appellant, insisted that the word "will" was not an equivalent to the word "consent" in the indictment, (Paschal's Dig., Art. 2187,) and discussed the facts of the case.

*E. B. Turner, Attorney General,* for the state, insisted that as the evidence was conflicting, the verdict should not be disturbed.

CALDWELL, J.—The defendant was tried and convicted of "rape," at the June term district court for 1867.

A reversal of the judgment is sought on the ground, among others not necessary to notice, that the court erred in refusing charges asked by the defendant.

The general charge of the court was simply the statutory definition of the offense, with instructions as to the punishment, if found guilty.

The defendant's counsel asked the court to charge, "that if the defendant procured the consent of Ann Washington * * * by promises," the jury could not find him guilty. The evidence was very conflicting with regard to consent on the part of the person on whom the alleged offense was committed. There is also conflicting testimony about her age: some of the witnesses placing it at ten, others at fourteen years.

It is in proof that the girl stated before the examining court, in her examination in chief, that she refused the solicitations of defendant, but upon cross-examination admitted that upon promises of reward submitted to his embraces. Upon trial in the district court, with equal simplicity, she denied having given her consent, and on cross-examination admitted that she had.

It was also in proof, that the girl had admitted several days after the alleged offense that she had consented. Under these circumstances, we think the minds of the jury ought to have been more particularly directed to the gist

of the offense. The charge asked by the defendant would have done this, and should have been given.

We look in vain for any evidence to sustain the verdict, unless the jury concluded that the person upon whom the alleged offense was perpetrated was under ten years of age. This they could not have done without a total disregard of the evidence, as none of the witnesses estimated her age "under ten." Judgment reversed, and new trial awarded.

REVERSED AND REMANDED.