**Curtis Michael FORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60654.**

Court of Criminal Appeals of Texas,
Panel No. 3.

April 29, 1981.
Rehearing Denied June 3, 1981.

---

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tatum, Norman Kinne and Rick Russell, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for rape. Punishment, enhanced by allegation and proof of one prior felony conviction was assessed at 60 years.

In his brief appellant points to fundamental error in the jury charge that requires reversal. Although the rape statute, V.T.C.A., Penal Code Sec. 21.02, does not expressly provide for a culpable mental state, one is nevertheless required because the statute does not plainly dispense with the need for one. V.T.C.A., Penal Code Sec. 6.02(b) and (c); *Braxton v. State*, Tex.Cr. App., 528 S.W.2d 844; *Zachery v. State*, Tex.Cr.App., 552 S.W.2d 136. Although the indictment in this case properly alleged that appellant "knowingly and intentionally" committed acts constituting rape, the jury charge in its application of the law to the facts of the case omitted this element of the offense. This error is fundamental and requires reversal. See *Banks v. State*, Tex. Cr.App., 586 S.W.2d 518; *North v. State*, Tex.Cr.App., 598 S.W.2d 634 (aggravated rape).

The judgment is reversed and the cause remanded.