**William Douglas BOSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00297–CR.**

Court of Appeals of Texas, Dallas.

Nov. 23, 1981.

Rehearing Denied Jan. 11, 1982.

Discretionary Review Granted March 31, 1982.

Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee.

Before TED Z. ROBERTSON, STEPHENS and VANCE, JJ.

STEPHENS, Justice.

A jury found William Douglas Boston guilty of attempted rape and assessed his punishment at three years confinement in the Texas Department of Corrections. On appeal, appellant contends that a fatal variance exists between the indictment and proof of complainant's name, and that the trial court's charge to the jury was fundamentally defective. We disagree as to the ground alleging a variance between the indictment and proof as to complainant's name, but agree that the court's charge to the jury was fundamentally defective and accordingly we reverse and remand.

■ The indictment charged that the victim's name was Leacha Williams; yet the evidence showed her name to be Lisa Williams. Appellant did not object to this variance, nor did he request the trial court to present the issue to the jury. When the issue of idem sonans arises, it becomes a question of fact to be resolved by the trier of fact, and if not raised during trial, it is waived and may not be raised for the first time on appeal. *Flanagan v. State,* 620 S.W.2d 591 (Tex.Cr.App.1981); *Martin v. State,* 541 S.W.2d 605 (Tex.Cr.App.1976). Appellant's ground of error number one is overruled.

■ Appellant next contends that the charge was fundamentally defective by authorizing conviction for conduct which is not a criminal offense. Under this ground of error he correctly contends that the rape statute, section 21.02(b)(2) of the Texas Penal Code, provides that:

> (b) The intercourse is without a female's consent under one or more of the following circumstances:
>
> (2) he compels her to submit or participate by any threat, *communicated by actions, words or deeds,* that would prevent resistance by a woman of ordinary resolution, *under the same or similar circumstances, because of a reasonable fear of harm* ; (our emphasis)

The statutory language of section 21.-02(b)(2), to-wit: "communicated by actions, words or deeds," and "under the same or similar circumstances, because of reasonable fear of harm" was omitted by the court in both its abstract charge on the law of rape, and its application of the law of rape to the facts. By doing so, the jury was given the authority to convict the appellant of attempted rape on proof of non-criminal conduct. This constitutes fundamental error. The Court of Criminal Appeals, in *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979), addressed the question and enumerated the various kinds of fundamental error in a trial court's charge to the jury requiring reversal, even though not called to the trial court's attention. The *Cumbie* case was followed by *Robinson v. State,* 596 S.W.2d 130 (Tex.Cr.App.1980), in which the court summarized the *Cumbie* rule by delineating the four kinds of fundamental error in a trial court's charge requiring reversal, as: (1) authorization of any diminution of

the State's burden of proof; (2) authorization of conviction for conduct which does not constitute a criminal offense; (3) authorization of conviction for an offense of which the accused has no notice; and (4) the omission of an essential element of the crime charged.

 When fundamental error of this kind appears to exist, and yet no objection to the charge is made to the trial judge, as required by article 36.14 V.A.C.C.P., and when no special requested instruction is offered by appellant, calling to the trial court's attention the alleged error or omission in the charge, as required by article 36.15 V.A.C.C.P., then we must consider the entire charge to determine whether the error is such as is calculated to injure the rights of appellant, or to deny him a fair and impartial trial. *Gant v. State*, 606 S.W.2d 867 (Tex.Cr.App.1980); *Porter v. State*, 605 S.W.2d 553 (Tex.Cr.App.1979); *Quinn v. State*, 164 Tex.Cr. 125, 297 S.W.2d 157 (1956). Section 21.02 V.A.P.C. requires that to convict an accused of rape, it must be proven that he had sexual intercourse with a female not his wife, without the female's consent. The statute further provides that the lack of the female's consent may be shown by proof that the accused compelled her to submit or participate by any threat, communicated by action, words, or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm. Prior to the amendment of section 21.02 V.A.P.C., effective September 1, 1975, the requisite proof required to show lack of the female's consent when caused by threats, was only that the accused compel her to submit or participate by any threat that would prevent resistance by a woman of ordinary resolution. Thus it becomes apparent that in this case the trial court charged the jury on the law of rape as it existed prior to September 1, 1975.

 We conclude that the error in omitting from the charge the words "be communicated by actions, words or deeds ... under the same or similar circumstances ...

because of a reasonable fear of harm" is fundamental error, that it is error calculated to injure the rights of appellant, and deny him a fair trial. Three of the four kinds of fundamental error enumerated by *Robinson, supra*, were here committed. First, the charge diminished the State's burden of proof; second, it authorized conviction of appellant for non-criminal conduct; and third, it omitted an essential element of the offense of rape.

Reversed and remanded.