**William Douglas BOSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 081–82.

Court of Criminal Appeals of Texas, En Banc.

Dec. 22, 1982.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey B. Keck, Cathy Crier and Ron Poole, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

In a jury trial appellant was convicted of attempted rape and was sentenced to confinement for three years. The Court of Appeals held that fundamental error in the jury charge required reversal, *Boston v. State,* 629 S.W.2d 774 (Tex.App.—Dallas 1981), and we granted the State's petition for discretionary review in order to consider that issue.

The indictment alleged that appellant did:

> "*with the specific intent to commit the offense of rape,* attempt to have sexual intercourse with [L____ W____], hereinafter called complainant, a female not his wife, without the consent of the said complainant, by knowingly and *intentionally using force and threats;* said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended, . . . ."[1]

In its charge the court instructed the jury as follows:

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

"A person commits an offense if he has sexual intercourse with a female not his wife, without the female's consent.

The intercourse is without the female's consent *if he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances; or, if he compels her to submit or participate by any threat that would prevent resistance by a woman of ordinary resolution.*

In this case, the indictment having charged that the defendant attempted to have sexual intercourse with [L———— W————], by force or threats, before you would be warranted in finding the defendant guilty, you must be satisfied from the evidence beyond a reasonable doubt that the attempted sexual intercourse, if any, by the defendant, William Douglas Boston, with [L———— W————], was attempted *by the use of actual force or threats* and a lack of consent on the part of the female.

\*    \*    \*    \*    \*    \*

Now, if you find from the evidence beyond a reasonable doubt, that on or about the 20th day of December, 1979, in Dallas County, Texas, the defendant, William Douglas Boston, did then and there unlawfully *with the specific intent to commit the offense of rape,* attempt to have sexual intercourse with [L———— W————], a female not his wife, without the consent of the said [L———— W————], by knowingly or intentionally using force or threats; said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended, then you will find the defendant guilty of attempted rape, as charged in the indictment."

At the time of the offense V.T.C.A. Penal Code, § 21.02(b)(2) provided:

**2.** That is, force "that overcomes such earnest resistance as might be reasonably expected under the circumstances," V.T.C.A. Penal Code, § 21.02(b)(1).

"(2) He compels her to submit or participate by any threat *communicated by actions, words or deeds,* that would prevent resistance by a woman of ordinary resolution, *under the same or similar circumstances, because of a reasonable fear of harm.*"

The Court of Appeals held the charge defective because it did not include the words emphasized immediately above.

■   Though sometimes expressed in such esoteric terms as "carnal knowledge," Article 1183, P.C. 1925, and "ravish," rape has always been thought of in this State as nonconsensual sexual intercourse accomplished by a male with a female to whom he is not married. *Clark v. State,* 30 Tex. 448 (1867). The central element of rape is lack of consent on the part of the female, *Moon v. State,* 607 S.W.2d 569, 570 (Tex.Cr.App. 1980); *Rubio v. State,* 607 S.W.2d 498, 501 (Tex.Cr.App.1980), and consent is lacking when, *inter alia,* submission is compelled by force [2] or threat,[3] *id.,* at 503, n. 1 (Concurring Opinion). The acts constituting rape must be committed with a requisite culpable mental state. *Ford v. State,* 615 S.W.2d 727 (Tex.Cr.App.1981); *Zachery v. State,* 552 S.W.2d 136, 137 (Tex.Cr.App.1977). So, essentially, under V.T.C.A. Penal Code, § 21.02(a) one commits the offense of rape when, with a prescribed culpable mental state, "he has sexual intercourse with a female not his wife without the female's consent."

■   The conduct that constitutes criminally attempted rape is the specific *intent* to commit the offense of rape coupled with an act, more than mere preparation, that tends but fails to effectuate the rape intended. V.T.C.A. Penal Code, § 15.01(a). Of course, the State must prove that an accused specifically intended to have sexual intercourse without consent from the female, but must the factfinder be called upon to determine the precise manner by

**3.** That is, any threat "communicated by actions, words, or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm," *id.,* § 21.02(b)(2).

which the accused contemplated carrying out his intendment, in order to come to the conclusion that it was to rape?

■■■ The criminal attempt statute prescribes no more in the way of specific intent than "to commit an offense," and we have held that the constituent elements of the intended offense need not be alleged. *Cody v. State,* 605 S.W.2d 271, 274 (Tex.Cr.App. 1980). More particularly, an indictment for attempted rape alleging that the attempt was made with "intent to commit rape" provides a specific mental state. *Ex parte Prophet,* 601 S.W.2d 372, 374 (Tex.Cr.App. 1980). When the charge of the court casts the intended offense of rape in statutorily essential terms of nonconsensual sexual intercourse,[4] it is redundant to require the jury to find *intent* in terms of one or more of the "circumstances" described in § 21.-02(b) that make sexual intercourse without the female's consent.[5]

■■■ However, that is not to say that such "circumstances" are immaterial in the case of criminally attempted rape. Obviously the jury must be informed of one or more set of statutorily provided circumstances which negate consent, so that jurors properly may determine whether the evidence shows the doing of an act amounting to more than mere preparation that tends but fails to effect commission of the intended rape. Selecting out of the seven sets thus provided the one or more about which to instruct the jury depends, of course, on the evidence presented.[6]

4. "A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent."

5. Metapsychologically speaking, a conscious objective or desire—the intent—to have sexual intercourse with a certain female is ordinarily conceived in advance of whatever physical activity is later undertaken to achieve that objective or satisfy that desire. Indeed, at the time such an intent is formed the manner and means of accomplishing it may have not yet been formulated. The controversial case of *Douthit v. State,* 482 S.W.2d 155 (Tex.Cr.App.1971) seems illustrative of the point. So, to require third persons, jurors, to find what act or series of acts were intended by one who contemplates

Presumably the trial court believed there was ample evidence to justify charging on both force and threat, although the record seems to present a state of facts reflecting a show of much force and very little threat, if any. But even if the jury focused on compulsion by threat rather than compulsion by force, the first omission noted by the Court of Appeals is of little consequence. How else is a threat usually communicated unless "by actions, words or deeds?" The 1975 insertion of the phrase appears to be more for purposes of clarification than of substance, specifying what we all know: that a threat may be made by means other than vocally. With respect to the second omission, "under the same or similar circumstances" sounds like the legendary "reasonably prudent person," and the jury was asked to examine any threat that would prevent resistance by a woman "of ordinary resolution;" and as to the third related omission, it is difficult to conceive of a threat of the nature prescribed which would engender any emotion other than "a reasonable fear of harm." The jury was informed.

■■■ Before the 1975 amendment was made, the instruction as given by the court in its charge in this case had been found proper and correct in *Banks v. State,* 530 S.W.2d 940, 943 (Tex.Cr.App.1975), and it is our impression that proponents of this and other related amendments to penal proscriptions of sexual conduct urged adoption in order to enhance the likelihood of conviction in such cases.[7] It is ironic that the

nonconsensual sexual intercourse is speculative at best.

6. "This principle may be stated as, i.e.: Do not set out alternative manner or means of committing the offense found in the statute, unless the alternative manner and means have been alleged in the indictment and information and *are supported by the evidence.*" Morrison & Blackwell, Willson's Texas Criminal Forms Annotated, 1982 Pocket Part, § 80.01, 8 Texas Practice 23. See, e.g., *Dowden v. State,* 537 S.W.2d 5, 7 (Tex.Cr.App.1976).

7. See Acts 1975, 64th Leg., ch. 203, p. 476. V.T.C.A. Penal Code, § 21.04, Sexual Abuse, was similarly modified; § 21.13, Evidence of

Court of Appeals believes that they achieved quite the contrary.

The judgment of the Court of Appeals is reversed, and the judgment of conviction is affirmed.

ODOM, Judge, dissenting.

Appellant was convicted for attempted rape and punishment was assessed at three years. On appeal the Court of Appeals held fundamental error in the jury charge required reversal. *Boston v. State,* 629 S.W.2d 774 (Tex.App.1981). We granted the State's Petition for Discretionary Review in order to consider that issue.

The indictment charged that appellant did:

"with the specific intent to commit the offense of rape, attempt to have sexual intercourse with L_____ W_____, hereinafter called complainant, a female not his wife, without the consent of the said complainant, by knowingly and intentionally using force and threats; said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended."

In its charge the court instructed the jury on the law of rape and the degree of force or threats required, and then applied the law to the facts of the case in this language:

"A person commits an offense if he has sexual intercourse with a female not his wife, without the female's consent.

"The intercourse is without the female's consent if he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances; or, if he compels her to submit or participate by any threat that would prevent resistance by a woman of ordinary resolution.

\*       \*       \*       \*       \*       \*

"Now, if you find from the evidence beyond a reasonable doubt, that on or about the 20th day of December, 1979, in Dallas County, Texas, the defendant, William Douglas Boston, did then and there unlawfully with the specific intent to commit the offense of rape, attempt to have sexual intercourse with L_____ W_____, a female not his wife, without the consent of the said L_____ W_____, by knowingly or intentionally using force or threats; said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended, then you will find the defendant guilty of attempted rape, as charged in the indictment." (Emphasis added.)

The Court of Appeals observed that at the time of the offense V.T.C.A., Penal Code Sec. 21.02(b)(2) created a different standard for the threat required to establish rape than the standard given in the court's charge. At that time Sec. 21.02(b)(2) provided:

"(2) he compels her to submit or participate by any threat, *communicated by actions, words or deeds,* that would prevent resistance by a woman of ordinary resolution, *under the same or similar circumstances, because of a reasonable fear of harm;*" (Emphasis added.)

The emphasized statutory language was omitted from the court's charge. The Court of Appeals held this omission constituted fundamental error for three reasons:

"First, the charge diminished the State's burden of proof; second, it authorized conviction of appellant for noncriminal conduct; and third, it omitted an essential element of the offense of rape." *Boston v. State,* supra, at 776.

The opinion of the Court of Appeals presents a sound discussion of the issue of fundamental error in a jury charge. A sharper focus on the elements of attempted

Previous Sexual Conduct, was added, as was Article 38.07, V.A.C.C.P., Testimony in Corroboration of Victim of Sexual Offense; § 15.01, Criminal Attempt, was "strengthened" by inclusion of present subsection (b) dealing with an element of aggravation accompanying an attempt.

rape, however, will make the correctness of that court's decision clearer.

The elements of criminal attempt are:
1) a person
2) with specific intent to commit an offense (rape)
3) does an act amounting to more than mere preparation
4) that tends but fails to effect the commission of the offense intended.

*Baldwin v. State,* 538 S.W.2d 615 (Tex.Cr. App.1976); *Colman v. State,* 542 S.W.2d 144 (Tex.Cr.App.1976); *Whitlow v. State,* 609 S.W.2d 808 (Tex.Cr.App.1980).

In its brief before this Court the State argues that criminal attempt does not require proof of a completed offense, *Jones v. State,* 576 S.W.2d 393 (Tex.Cr.App.1979), nor does it require every act short of actual commission. *Cody v. State,* 605 S.W.2d 271 (Tex.Cr.App.1980). To establish attempted rape under the indictment in this case, the State argues, it was not necessary to prove the threats were of the degree defined in Sec. 21.02(b)(2), supra, and therefore the erroneous statement of that standard was not fundamental error.

The State's argument would be persuasive if the only elements affected by the erroneous charge were the third and fourth, i.e., the conduct of appellant. It was, however, also necessary for the jury to find that appellant had the specific intent to commit rape before it could convict. To make such a finding it was necessary for the jury to have a correct definition of rape in its charge. The charge, having presented an incorrect definition of rape, was fundamentally defective.

The judgment of the Court of Appeals should be affirmed. I dissent to the majority's disposition of the issue.

ROBERTS and TEAGUE, JJ., join this dissent.