**James Wallace HUFF, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0433–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Robert A. Shults, Shults, Hetherington, Linder & Oncken, Houston, for appellant.

Ray Elvin Speece, Houston, for appellee.

Before EVANS, C.J., and DOYLE, J.

OPINION ON REMAND

DOYLE, Justice.

This is an appeal from a conviction of sexual abuse. Appellant was sentenced to thirteen years confinement.

Appellant was convicted of the sexual abuse of a young woman, who was at-

tacked in her trailer while she slept. On motion for rehearing, this court found that the court's charge to the jury was fundamentally defective, and reversed appellant's conviction. *Huff v. State*, (Unpublished opinion, Cause No. 01–81–0433–CR delivered September 9, 1982).

In reversing appellant's conviction, this court relied upon *Boston v. State*, 629 S.W.2d 774 (Tex.App.—Dallas 1982) *rev'd* 642 S.W.2d 799 (Tex.Crim.App.1982). The Court of Criminal Appeals in *Huff v. State*, —— S.W.2d —— (No. 928–82 Tex.Crim.App. delivered January 12, 1983, not yet reported) held that in light of the Court's reversal in *Boston, supra*, this cause should be remanded to the Court of Appeals for reconsideration of the appellant's second ground of error.

In the second ground of error, appellant contends that the trial court's charge to the jury was fundamentally defective in that it failed to sufficiently define the terms "threat" and "consent" as those terms were defined in the indictment. The court's charge reads in pertinent part as follows:

> The intercourse is without the other person's consent if he compels the other person to submit or participate by force that overcomes such earnest resistance as might reasonably be expected in the circumstances or he compels the other person to submit or *participate by any threat that would prevent resistance by a person of ordinary resolution.* (emphasis added)

The definition as set out in sec. 21.-04(b)(2) Texas Penal Code (repealed Sept. 1983) provides in part that intercourse is not with the consent of the other person under one or more of the following circumstances:

> (1) the actor compels the other person to submit or participate by force that overcomes such earnest resistance as might be reasonably expected under the circumstances;

> (2) the actor compels the other person to submit or participate by any threat, communicated by actions, words, or deeds, that would prevent resistance by a person of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm; ...

Although appellant failed to object to the charge at trial, appellant contends that the trial court's failure to include in the charge the phrase "under the same or similar circumstances, because of a reasonable fear of harm" constituted fundamental error because it allowed the jury to convict appellant on a substantially lesser degree of proof than the statutory definition requires.

■ Appellant's contention must fail for two reasons. First, in *Boston v. State*, 642 S.W.2d 799 (Tex.Crim.App.1982), the court analyzed a similar omission of phraseology when it reviewed a conviction for attempted rape. In affirming the conviction, the court reasoned that the phrase, "under the same or similar circumstances" sounds like the "legendary 'reasonably prudent person.'" *Id.* at 803. The court also reasoned that since the jury was asked to examine" any threat that would prevent resistance by a woman "of ordinary resolution", the jury was sufficiently informed that such threat would necessarily engender a "reasonable fear of harm" in a woman. *Id.*

Therefore, the court's charge was not required to contain the exact phrases used in the sexual abuse statute partly because the court's instructions aptly informed the jury of the elements of the offense, and partly because the instruction would have been proper and correct before the 1975 amendment of the sexual abuse statute. *Banks v. State*, 530 S.W.2d 940 (Tex.Crim. App.1975). The legislature's purpose in amending the sexual conduct statutes was to enhance the likelihood of conviction in such cases. *Boston, supra* at 802. See Acts 1975, 64th Leg. ch. 203 at 476. To hold that the amended statutes require a higher degree of proof than the pre-amended versions of the statute is "ironic" and cuts against the very purpose of the statute. *Boston, supra* at 803.

Clearly, under the court's most recent decision in *Boston,* the omission of the above phrase does not constitute error. Accordingly, the omission of the phrase could not constitute fundamental error as contended by the appellant.

■ The second reason appellant's contention must fail, is that he does not challenge the application paragraph of the charge, but merely the definitional portion of the charge.

In *Hudson v. State,* 675 S.W.2d 507 (Tex. Crim.App.1984) the court held that a charge will not be found *fundamentally* defective for improper or omitted definitions in the abstract portion of the charge, if the application portion of the charge instructs the jury with respect to every element of the offense. In the instant case the application paragraph of the charge read as follows:

> Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, James Wallace Huff, Jr., with intent to arouse or gratify the sexual desire of James Wallace Huff, Jr. and by force or threats to and without the consent of [complainant], who was then and there not his spouse, engage in deviate sexual intercourse, to wit: by placing his penis in the mouth of [complainant], you will find the defendant guilty.
>
> If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

The above paragraph includes every element of the offense as required by Tex.Penal Code sec. 21.04 (Vernon 1975) (repealed):

> (a) A person commits an offense if, without the other person's consent and with intent to arouse or gratify the sexual desire of any person, the actor:
>
> (1) engages in deviate sexual intercourse with the other person, not his spouse, whether the other person is of the same or opposite sex; ...

Therefore, this court fails to find that the charge was fundamentally defective, and any error, that occurred was waived by appellant's failure to object at trial.

This court's prior decision is withdrawn and appellant's conviction affirmed.