Oliver William WHITFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–89–028–CR.

Court of Appeals of Texas, Texarkana.

Jan. 3, 1990.

Rehearing Denied Jan. 23, 1990.

Thomas H. Fowler, Paris, for appellant.

Tom Wells, Dist. Atty., Lamar County, Paris, for appellee.

CORNELIUS, Chief Justice.

Oliver William Whitfield appeals his conviction for obtaining, by forgery, hydromorphone, a controlled substance. In seven points of error, Whitfield contends that there was fundamental error because the jury charge was different from the indictment, that the evidence is insufficient to support the conviction, that he received ineffective assistance of counsel, and that

the prosecutor's closing argument constituted reversible error. We overrule these points and affirm the judgment.

In November 1988, some prescription pads were stolen from the office of Dr. Haley, a Dallas physician. On December 11, 1988, hydromorphone (Dilaudid) tablets were purchased at the Palace Drug Store in Paris using one of the forged prescription sheets. Because the pharmacist was unable to fill the entire prescription, she contacted Dr. Haley and was told that the prescription pads had been stolen. On December 16, Leroy Jackson presented one of the stolen prescription sheets to the Palace Drug Store. The pharmacist called the police and Jackson was arrested. While Jackson was being removed from the store, he identified Whitfield, who was driving by in a Cadillac, as one of his accomplices. Other stolen prescription forms from the same office were found when the car was searched. Whitfield was convicted and sentenced to five years' confinement.

Whitfield claims fundamental error because the indictment charged him with an "attempt to obtain" hydromorphone by a forged prescription, but the jury charge allowed him to be convicted of "obtaining" the controlled substance. The charge used both "attempt to obtain" and "obtained" in various parts. There was no objection to the charge.

■ Where there is no objection to the charge, the judgment will not be reversed unless the charge contains fundamental error. *Thomas v. State*, 599 S.W.2d 812 (Tex.Crim.App. [Panel Op.] 1980). To determine if there is fundamental error, we must read the charge as a whole and determine from it whether the error has been calculated to injure the rights of the accused or whether he has been denied a fair and impartial trial. *Thomas v. State*, supra.

■ Whitfield was charged under Tex. Rev.Civ.Stat.Ann. art. 4476–15, § 4.09(a)(3) (Vernon Supp.1989) which provides that:

It is unlawful for any person knowingly or intentionally:

. . . .

(3) to acquire, obtain, or attempt to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge or through use of a fraudulent prescription form or fraudulent oral or telephonically communicated prescription.

Thus, obtaining and attempting to obtain are not separate offenses, but are the same offense with the same punishment. Tex. Rev.Civ.Stat.Ann. art. 4476–15, §§ 4.11, 4.09(b)(1) (Vernon Supp.1989). As either method may constitute the offense, there is no fundamental error in equating the two.

■ Moreover, the asserted error could not have injured Whitfield or have deprived him of a fair trial. Although the charge stated that Whitfield had been indicted for obtaining a controlled substance, the jury was further instructed that:

Our law makes it an offense to knowingly and intentionally *obtain or attempt to obtain* possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge or through the use of a fraudulent prescription form.

A person attempts to commit an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

(Emphasis added).

The application paragraph of the charge presents the essential elements of the crime of attempting to obtain hydromorphone, for which Whitfield was indicted, and not for obtaining hydromorphone. The charge does not authorize a diminution of the State's burden of proof, does not allow conviction of Whitfield for conduct which is not a criminal offense, does not convict him of an offense of which he has no notice, and does not omit an essential element. *See Boston v. State*, 629 S.W.2d 774 (Tex. Civ.App.—Dallas 1981), *rev'd on other grounds*, 642 S.W.2d 799 (Tex.Crim.App. 1982).

■ Whitfield also urges that the evidence is insufficient. In reviewing the evi-

dence we must determine whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App. 1989).

In addition to the facts recited earlier, there was testimony that Whitfield gave Leroy Jackson the forged prescription and $50.00 and asked him to go into the drug store and get the prescription filled; that Jackson told the police that Whitfield and another man had paid him to get the prescription filled; that Whitfield was driving a Cadillac automobile seen outside the drug store while Johnson was in the store; that the car had other prescription pads from Dr. Haley's office; and that Whitfield's billfold contained a receipt for fifty hydromorphone tablets sold by the Palace Drug Store on December 11, 1989. All the evidence, viewed most favorably to the verdict, is sufficient to support a finding that Whitfield was guilty as a party to the offense.

■ Whitfield has failed to demonstrate that he received ineffective assistance of counsel. Effective representation is determined by reviewing the totality of the representation under all the circumstances, not by isolated incidents. *Weathersby v. State*, 627 S.W.2d 729 (Tex.Crim. App. [Panel Op.] 1982). Effective counsel does not mean errorless counsel, but reasonably effective counsel, and counsel cannot be judged ineffective by mere hindsight. *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App.1980). Whitfield bases his contention largely on his counsel's failure to object to the charge. We have already determined that the charge was not erroneous and could not have deprived Whitfield of a fair trial. It follows that counsel's failure to object to it was not ineffective representation. Under the circumstances, we find that the totality of the representation does not approach that required for a finding of ineffective assistance of counsel.

■ Whitfield also argues that since the charge contained the emphasized portion of the following language:

[A]nd the defendant Oliver William Whitfield did then and there unlawfully, knowingly or intentionally, acting with the intent to promote or assist the said commission of said offense, encourage or direct or aid or attempt to aid the aforesaid LeRoy Jackson by driving the said LeRoy Jackson to the Palace Drug Store with the prescription in question and handing it and $50.00 to LeRoy Jackson and asking him to carry the prescription into said drug store and *having it filled....*

(emphasis added), the evidence is therefore insufficient because the evidence showed that Jackson tried, but failed, to have the prescription filled. We disagree. Looking at the charge as a whole, it is obvious that the quoted portion referred to the fact that Whitfield asked Jackson to take the prescription into the store for the *purpose of having it filled*—not that it was actually filled. The evidence is consistent with the charge in that respect.

■ Finally, Whitfield contends that the prosecutor committed reversible error in making the following argument:

But think about it for just a second. You know, drug dealing and drug business is dirty stuff and let's don't kid ourselves, what this case is about is money. You can go in and by 50 of these things for 29 bucks and you can take them out on the street and sell them for 25 hundred. We are not saying that these people are using them. We are saying that they are getting them. They have got 150 from the 3rd to whatever it was, the 15th. What are they doing with all these pills, the people that are getting these? *They are selling them* for fifty dollars a pop. *That is what this case is about.* That is why we are up here....

....

So as you look at this, this is a scene of people that are passing forged prescriptions and *they are doing it for big bucks.* You figure every one of these pills, I think a hundred the first time and fifty. That is 150—

(Emphasis added). There had previously been testimony without objection that fifty

hydromorphone tablets cost $29.00 at the pharmacy in Paris, but that they would bring $2,500.00 to $3,000.00 on "the street." Since Whitfield and his associates had attempted to get 150 of the tablets in a matter of a few days, it was a reasonable deduction from the evidence that they wanted them for other than their own personal use. Moreover, the defense objection to the argument was sustained and the jury was instructed not to consider it. Viewed in the light of the entire record, we find the argument neither extreme nor manifestly improper and we find that the instruction to the jury was sufficient to cure any possible error.

For the reasons stated, the judgment of the trial court is affirmed.