

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00119-CR

**MAXEY KENNETH LOVELL,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 14-02819-CRF-272**

## MEMORANDUM OPINION

Maxey Kenneth Lovell was charged with the offense of Attempted Indecency with a Child by Exposure. *See* TEX. PENAL CODE ANN. §§ 15.01, 21.11(a)(2)(A) (West 2011). He was accused of exposing himself through video images sent over the internet to someone he thought was a 13-year-old girl. The "girl" was a police officer. After the trial court denied Lovell's motion to quash the indictment, Lovell pled guilty to the charge. He was sentenced to two years in a state jail facility and placed on community supervision for two years. In three issues, Lovell challenges the trial court's ruling on Lovell's motion to

quash.  Because the trial court did not err in denying Lovell's motion to quash, the trial court's judgment is affirmed.

The purpose of a motion to quash is to apprise the trial court of any defects in the charging instrument that are not obvious on its face.  *Green v. State*, 533 S.W.2d 769 (Tex. Crim. App. 1976).  When reviewing a trial court's decision on a motion to quash, we apply a de novo standard of review.  *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007).

Lovell first contends the trial court erred in denying Lovell's motion to quash because the indictment was deficient in falling to allege that Lovell attempted to commit the offense of Indecency with a Child by Exposure *in the presence of a child*.[1]  The elements necessary to establish an offense under the attempt statute are:  1) a person, 2) with specific intent to commit an offense, 3) does an act amounting to more than mere preparation, that 4) tends, but fails, to effect the commission of the offense intended.  TEX. PENAL CODE ANN. § 15.01(a) (West 2011).  Under this statute, the constituent elements of the intended offense need not be alleged.  *Boston v. State*, 642 S.W.2d 799, 802 (Tex. Crim. App. 1982); *Cody v. State*, 605 S.W.2d 271, 274 (Tex. Crim. App. 1980); *Williams v. State*, 544 S.W.2d 428 (Tex. Crim. App. 1976).  Accordingly, the indictment in this case is not

---

[1] The elements of Indecency with a Child by Exposure are:  (1) the defendant; (2) with a child less than seventeen years of age; (3) not the defendant's spouse; (4) with intent to arouse or gratify the sexual desire of any person; (5) exposed his genitals; (6) knowing a child was present.  *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (West 2011).

deficient for failing to allege an element of the offense intended, that the offense be committed in the presence of a child. The trial court did not err in denying Lovell's motion to quash for this reason, and Lovell's first issue is overruled.

In his second issue, Lovell contends the trial court erred in denying his motion to quash because the indictment attempts to prosecute constitutionally protected conduct. Lovell asserts that because he is accused of sending video images to someone he thought was a minor, that act is constitutionally protected pursuant to the Court of Criminal Appeals' opinion in *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2014).[2]

After quoting a passage in *Lo*, and without any analysis, Lovell states the indictment in this case attempts to criminalize the act of communication which is the same conduct that was held in *Lo* to be protected by the First Amendment. We disagree with Lovell. First, the act criminalized in the indecency-with-a-child-by-exposure statute is the act of exposure, not the method by which it was accomplished. *See Harris v. State*, 359 S.W.3d 625, 632 (Tex. Crim. App. 2011) ("the gravamen of the offense of indecency with a child by exposure is the act of exposure"). Second, *Lo* did not hold that all statutes involving internet communications of a sexual nature by an adult to a minor were unconstitutional. Rather, the Court in *Lo* found that subsection (b) of Section 33.021, the

---

[2]The logical inference of Lovell's assertion would be that, as such, the indictment is defective because it fails to allege an offense. *See Ex parte Hawkins*, 722 S.W.2d 424, 425 (Tex. Crim. App. 1986) (conduct described in indictment does not constitute an offense and is defective).

offense of online solicitation of a minor, was unconstitutional because that particular statute prohibited all internet communications relating to or describing explicit sexual material by an adult to a minor if that adult communicates with the intent to arouse or gratify sexual desire. *Ex parte Lo*, 424 S.W.3d 10, 26 (Tex. Crim. App. 2013). The Court emphasized that "consistent with the First Amendment, it is *conduct* designed to induce a minor to commit an illegal sex act with titillating talk that may be proscribed, *not the titillating talk itself.*" *Id*. (emphasis added).

Because *Lo* did not hold that in all instances, all video images sent over the internet to someone thought to be a minor, are constitutionally protected, the indictment does not fail to allege an offense and is not subject to a motion to quash.[3] The trial court did not err in denying the motion to quash for this reason, and Lovell's second issue is overruled.

In this third issue, Lovell contends the trial court erred in denying Lovell's motion to quash because the indictment alleges an offense that is legally impossible to commit. Lovell argues that it is legally impossible to commit or attempt to commit a crime by communicating over the internet when the crime requires a child be present.[4]

Regardless of whether it may or may not have been legally impossible for Lovell to commit the offense, a motion to quash, like any pre-trial motion, cannot be used to

---

[3] We note that Lovell did not challenge the constitutionality of the statute.

[4] It was argued at the hearing on the motion to quash that the exposure was sent live stream through a web-cam.

argue that the State cannot prove any part of its case. *See Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007). Here, Lovell is contending the State cannot prove that he attempted to expose himself in the presence of a child because the person Lovell believed to be a child was at the receiving end of a video sent through the internet. This is a sufficiency of the evidence argument and is not a proper subject for a motion to quash. *See id*. ("[A] pre-trial proceeding should not be a 'mini-trial' on the sufficiency of the evidence to support an element of the offense."). *See also Patterson v. State*, 353 S.W.3d 203, 210 (Tex. App.—San Antonio 2011, pet. dism'd). Moreover, none of the cases cited by Lovell in support of his legal impossibility argument involved the review of a motion to quash. Accordingly, the trial court did not err in denying Lovell's motion to quash for this reason as well. Lovell's third issue is overruled.

Having overruled each of Lovell's issues on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 15, 2016
Do not publish
[CR25]

